**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ARVEST BANK** **PLAINTIFF**

**VS.** **No. 4:26-cv-00608 PSH**

**MTR AUTO GROUP, LLC;**
**MITCHELL T. ROBERTS; and**
**SUSANTI ROBERTS** **DEFENDANTS**

# ORDER

On July 8, 2026, the defendants MTR Auto Group LLC, Mitchell T. Roberts, and Susanti Roberts (collectively referred to as "MTR") filed a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Doc. No. 11. The plaintiff, Arvest Bank ("Arvest"), has responded. Doc. No. 15.

The United States Supreme Court, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), held a plaintiff facing a 12(b)(6) motion is obligated to provide the grounds of his entitlement to relief and must submit more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do. "Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. In the context of a 12(b)(6) motion, the Court accepts as true all of the factual allegations in the complaint, and all reasonable inferences are settled in favor of Arvest, the nonmoving party. *Edington v. Sammons*, 2013 WL 60009915 (E.D. Ark. 2013).

The complaint alleges MTR is obligated to pay Arvest $912,999.95 pursuant to a series of notes, guarantees, and modifications beginning in October 2023 when an initial promissory note in the amount of $200,000.00 was executed.

MTR advances four reasons why dismissal is proper: (1) the loans are usurious under the Arkansas Constitution rendering the contracts void; (2) the complaint fails to plead a plausible breach or plausible damages, the default allegation is conclusory, the material allegations are impossible and contradicted by its own exhibits, and its demand is arithmetically irreconcilable with its own pleading; (3) the complaint's own allegations establish that Mitchell T. Roberts and Susanti Roberts were discharged as guarantors by material alterations and extensions

made without their consent; and (4) any claim founded on the 7327 Note[1] and the 7327 Guaranties fails because the complaint pleads that the 7327 Note was paid off and extinguished.

If all factual allegations in the complaint and all reasonable inferences are settled in favor of Arvest, a fair reading of the complaint sets forth a claim upon which relief may be granted. The documents executed among the parties demonstrate contractual obligations which Arvest alleges have not been met. The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(a)(2). Arvest has cleared this bar.

The motion to dismiss for failure to state a claim is denied.

A scheduling Order will be forthcoming.

IT IS SO ORDERED this 30th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE

[1] The complaint designated the documents by varying numbers. E.g., the 7327 Note, the 1216 Note, the 1216 Guaranties, and the 2024 and 2025 Modifications.